**The STATE of Ohio, Appellee,**

v.

**SCHWARTZ, Appellant.**

[Cite as *State v. Schwartz* (1991), 77 Ohio App.3d 484.]

Court of Appeals of Ohio,
Butler County.

No. CA91–03–051.

Decided Sept. 30, 1991.

*John F. Holcomb*, Prosecuting Attorney, for appellee.

*Fred Miller*, for appellant.

WILLIAM W. YOUNG, Judge.

On October 16, 1990, Gladys Pennington filed a complaint against defendant-appellant, Eric Schwartz, alleging that he made harassing telephone calls to her and that he drove his car to her home and threatened to kill her. As a result of this complaint, appellant was charged with telephone harassment, in violation of R.C. 2917.21(A)(5), and aggravated menacing, in violation of R.C. 2903.21(A).

The case was not set for trial on the condition that no further problems occur between appellant and Pennington. Apparently, further problems did occur and a trial date was set for February 20, 1991. At that time, appellant requested a court-appointed attorney. This request was granted, and the trial was continued for one week.

The case was tried to the court without a jury on February 27, 1991. At trial, Pennington testified that she terminated her relationship with appellant in July 1990 because appellant had physically abused her. Pennington further testified that after their break-up, appellant repeatedly called her on the telephone. On October 15, 1990, Pennington stated that appellant called her between fifteen to twenty times. Pennington also testified that on the evening of October 15, 1990, appellant drove to her home and began to scream at her from his vehicle for nearly one-half hour. Finally, Pennington stated that appellant threatened to "take her to the grave with him."

The state also presented the testimony of Pennington's cousin, Ralph Marcy. Marcy was present at Pennington's residence on October 15, 1990. Marcy testified that he heard tires squealing and a horn honking outside Pennington's residence. He stated that when he went outside to tell appellant to leave, he heard appellant say to Pennington that he would "take her to the grave with him."

Appellant testified on his own behalf and denied making any telephone calls to Pennington or visiting her residence on October 15, 1990.

Appellant was found guilty on both charges. The trial court, however, withdrew the finding of guilty on the telephone harassment charge and

merged it into the aggravated-menacing conviction. The trial court then sentenced appellant to one-hundred-eighty days in jail. The jail sentence, however, was suspended. The court also suspended $800 of the $1,000 fine that appellant was ordered to pay. The suspended sentence and fine were both conditioned on appellant having no further contact with Pennington.

Appellant has filed this timely appeal and assigns as his sole assignment of error the following:

"The trial court erred as a matter of law when it found appellant guilty of aggravated menacing."

Appellant raises two issues in his assignment of error. First, appellant avers that the state did not prove all the elements of aggravated menacing beyond a reasonable doubt. Second, appellant alleges that he was denied his right to due process because the state did not provide him with the specific date of his alleged crime. We will first address appellant's argument that all the elements of aggravated menacing were not proven beyond a reasonable doubt.

R.C. 2903.21(A) describes aggravated menacing as follows:

"No person shall knowingly cause another to believe that the offender will cause serious physical harm to the person or property of such other person or member of his immediate family."

Appellant contends that the elements of aggravated menacing were not met because the statement "take her to the grave with him" was not accompanied by any kind of physical movement or attempt to carry out the threat. R.C. 2903.21, however, does not establish such a requirement. The Committee Comment to Am.Sub.H.B. No. 511 (1974) (R.C. 2903.21) supports the state's argument that physical movement is not an element of aggravated menacing. The Comment provides, in pertinent part, that:

"Neither aggravated menacing nor menacing requires that the offender be able to carry out his threat or even believe himself capable of carrying it out. It is sufficient if the offender knowingly causes the victim to believe the offender will carry his threat into execution."

Moreover, in *State v. Roberts* (Sept. 26, 1990), Hamilton App. No. C–890–639, unreported, 1990 WL 410625, the court upheld a conviction for aggravated menacing when the defendant made a threat to a third person who then relayed the threat to the victim. In *Roberts*, the defendant made no physical movement toward the victim, nor was he even capable of inflicting any physical harm. Thus, we are convinced that physical movement is not a requisite element of aggravated menacing.

■ Appellant also contends that Pennington's fear of being harmed by him was suspect. To support his contention, appellant argues that he has made this type of threat, *i.e.*, "take Pennington to the grave with him," on numerous occasions, yet he has never followed through with such threats. Appellant further asserts that Pennington's testimony at trial, wherein she stated that it was her belief that appellant might possibly follow through on his threat of physical harm, was not sufficient for a conviction. A review of the testimony, however, indicates that the evidence presented went to each and every element of the offense of aggravated menacing. The testimony in question included the following:

"Ms. King: Ok, now when he said [that he would take you to the grave with him] to you, what did you believe?

" * * *

"Ms. Pennington: I have heard it so many times that after a while you do begin to think that this could be possible. That someone like this is capable of doing this, so, yeah, I believe it. I believe it's very possible.

" * * *

"Ms. King: And what did you believe that he would do?

"Ms. Pennington: Well, he's at times a, threatened to, a, snatch me up as he calls it. And take me away. So with hearing that from him as many times as I have when he says this I kind of put those two things together that that could be possible. And with as persistent as he's been for as long as a time as it's been I believe that it is possible for him to mean it."

Pennington also testified that appellant had beaten her in the past. She alleged that she broke off their relationship after appellant had physically beaten her in July 1990. As the state points out in its brief, Pennington's testimony that appellant had physically harmed her was highly probative of her state of mind on October 15, 1990. The state cites two recent appellate court cases which upheld convictions for aggravated menacing. Both cases held that prior acts of violence between the defendant and the victim were relevant and highly probative in establishing the victim's "belief" of impending serious harm. *State v. Warren* (Dec. 31, 1990), Stark App. No. CA–8258, unreported, 1990 WL 237478; *State v. Clements* (Feb. 15, 1989), Wayne App. No. CA–2407, unreported, 1989 WL 11807.

In reviewing a challenge to the sufficiency of the evidence, or a claim that a verdict is against the weight of the evidence, the issue is whether, after viewing the evidence in the light most favorable to the prosecution, "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *State v. Rubenstein* (1987), 40 Ohio App.3d 57,

65, 531 N.E.2d 732, 740. Further, "[a] reviewing court may not reverse a judgment of conviction where the record shows a verdict based on sufficient evidence." *State v. Martin* (1986), 21 Ohio St.3d 91, 95, 21 OBR 386, 389, 488 N.E.2d 166, 169.

In the instant case, Pennington and her cousin testified as to the threats made against Pennington by appellant. Pennington also testified that she believed that appellant might carry out his threat to take her to the grave. Finally, Pennington testified that appellant had in fact physically beaten her in the past. Therefore, after a thorough review of the record, we are convinced that there was sufficient evidence from which a trier of fact could find appellant guilty of aggravated menacing beyond a reasonable doubt.

■ The second issue raised by appellant is that he was denied the fundamental tenets of due process because the state was unable to provide him with the specific date of his alleged crime. We find appellant's argument to be without merit.

The state must supply specific times and dates if it possesses that information. *State v. Sellards* (1985), 17 Ohio St.3d 169, 17 OBR 410, 478 N.E.2d 781. However, the Ohio Supreme Court has also concluded that where the state's failure " * * * to produce a specific time or date when the criminal conduct occurred is * * * without material detriment to the preparation of a defense, the omission is without prejudice, and without constitutional consequence." *Id.* at 172, 17 OBR at 413, 478 N.E.2d at 785.

Here, appellant was supplied with a specific date of the alleged offense. The complaint, as well as the trial testimony, clearly states that the offense occurred on October 15, 1990. The state and appellant agreed that October 15, 1990 was a Monday. However, Pennington testified that she believed that the incident occurred on a Thursday night. Pennington did state unequivocally at trial, though, that she knew the threats occurred on October 15, 1990, because she filed the complaint the very next day.[1] Moreover, Ralph Marcy also testified that the incident occurred on October 15, 1990.

In addition, we find Pennington's testimony that the incident occurred on a Thursday night to be of little significance. Appellant has made some general assertions, but has failed to show how his defense was materially harmed because of Pennington's inability to remember upon what day of the week the incident occurred. Appellant did not raise an alibi defense. Appellant testified that he never used the telephone to harass Pennington, nor has he ever threatened to take Pennington to the grave. Thus, appellant's defense was

---

1. The record reveals that the complaint was in fact filed on October 16, 1990.

that Pennington fabricated her story. Under the circumstances, we can find no prejudice.

Accordingly, appellant's sole assignment of error is overruled. The judgment of the trial court is affirmed.

*Judgment affirmed.*

JONES, P.J., and WALSH, J., concur.