[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
Robert J. Luckey, II (Luckey) appeals his conviction and sentence entered in the Auglaize County Municipal Court. Luckey was convicted of aggravated menacing in violation of R.C. § 2903.21.
After years of work-related disputes between them as co-workers at the City of St. Marys Light Distribution Department, Michael McMurray and appellant Luckey bore great animosity each for the other. At about 6:40 a.m. on September 6, 1997, McMurray arrived as usual at his employer's parking lot and backed his truck into a parking place next to another vehicle. As he left his truck and walked in front of the vehicle beside which he had parked, McMurray saw Luckey in his Escort automobile with the motor idling backed into the next parking spot ahead of him. McMurray claims that as he started to walk in front of Luckey's car, Luckey gunned the motor and the Escort accelerated out of the parking slot narrowly missing McMurray. McMurray claims Luckey made an obscene gesture toward him and laughed as he sped from the parking lot.
McMurray testified that no words were exchanged between the two men immediately preceding the incident. The day prior to the incident, however, McMurray recalled that as he prepared to leave the work parking lot Luckey was standing at the right front fender of McMurray's truck with his arms extended in the air gesturing as if McMurray almost hit him. McMurray claimed he did not attempt to hit Luckey the day before.
Luckey testified at his trial and admitted that he was unusually early for work that day and was parked in a manner described by McMurray. Luckey claimed, however, that though he observed McMurray pull into the parking lot, he left the lot to buy cigarettes prior to McMurray leaving his vehicle. Luckey denied any knowledge about the incident as described by McMurray. A trial was held without a jury and Luckey was found guilty of aggravated menacing.
Luckey raises two assignments of error.
 I.
Luckey's first assignment of error states:
 The trial court erred in finding the defendant guilty of Aggravated Menacing Ohio Revised Code Section 2903.21A, such finding being contrary to law and against the manifest weight of the evidence when the victim testified that prior to any prohibited acts of defendant, victim took precautions which assured he could not have been injured by defendants (sic) action.
Each of Luckey's assignments of error claim his conviction was against the manifest weight of the evidence. When one challenges their conviction based on the weight of the evidence, appellate review is limited to determining whether sufficient evidence was introduced at trial to sustain the conviction. Statev. Jenks (1991), 61 Ohio St.3d 259, 574 N.E.2d 492. As held in paragraph two of the syllabus in Jenks:
 An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.
 Id.
An offense of aggravated menacing is committed when one "knowingly cause[s] another to believe that the offender will cause serious physical harm to the person or property of such other person . . ." R.C. § 2903.21.
In his first assignment of error, Luckey contends that because McMurray walked "wide" of Luckey's idling car, Luckey's subsequent act of gunning his motor and accelerating towards McMurray was insufficient evidence of aggravated menacing.
McMurray testified that he felt something was amiss when he arrived for work on the morning September 5, 1997 because it was unusual to see Luckey at work so early and sitting in his car with the engine running. McMurray testified that based on the history of animosity between him and Luckey, he chose to pass one or two feet "wide" of the front of Luckey's vehicle "because I knew if he was going to do something, that I was going to be able to get out of the way." (Transcript p. 8).
Luckey contends that McMurray's caution defeats the state's claim that McMurray believed Luckey would cause him serious physical harm, an element of aggravated menacing. Luckey argues that because McMurray "knew that at no time was he in danger of any harm" he "therefore could not have reasonably believed that [Luckey] would cause him serious physical harm." (Luckey brief p. 12). Luckey's argument is without merit.
First, the fact that McMurray felt it was necessary to "walk wide" of Luckey's vehicle is some evidence that McMurray believed Luckey was a threat to his physical safety. Whether McMurray's belief was reasonable is not relevant to our review of Luckey's aggravated menacing conviction. Rather, our inquiry is whether there was sufficient evidence before the trial court to permit any rational trier of fact to determine beyond a reasonable doubt that Luckey knowingly caused McMurray to believe he would cause McMurray serious physical harm. State v. Schwartz (1991),77 Ohio App.3d 484, 486, 602 N.E.2d 671, 673. While merely appearing for work early and sitting in a idling vehicle may not constitute an act of aggravated menacing, Luckey's subsequent conduct of accelerating his vehicle towards McMurray certainly could allow a rational trier of fact to conclude beyond a reasonable doubt that Luckey committed an act of aggravated menacing. Jenks, supra.
Furthermore, McMurray's decision to walk a foot or two wide of Luckey's idling vehicle did not guarantee his safety. McMurray testified that he "jumped backwards out of the way" of Luckey's charging vehicle to avoid being struck. According to McMurray, it was Luckey's acceleration of his vehicle which caused him to believe at that time that Luckey "planned on doing bodily harm to me." (Transcript p. 9).
Further, Mr. Jefferies, a co-worker, observed McMurray immediately following the incident and testified that McMurray appeared upset and was shaking upon entering the shop. Jefferies also stated that Luckey's vehicle, which had been parked in the lot when he arrived for work, was no longer in the parking lot moments after he observed McMurray. Finally, another co-worker, Mr. Sluser, testified that he observed Luckey operating his vehicle recklessly in the streets of St. Mary's minutes after the alleged incident between Luckey and McMurray.
This evidence, when viewed in a light most favorable to the state, is sufficient to convince the average mind beyond a reasonable doubt that Luckey committed an act of aggravated menacing on the morning of September 5, 1997. Jenks, supra.
Luckey's conviction was not contrary to law and his first assignment of error is overruled.
 II.
Luckey's second assignment of error states:
 The Trial Courts (sic) finding of guilty of Aggravated Menacing was error in that it was against the manifest weight of the evidence when the victims (sic) description of the physical events of crime could not have taken place as described by victim.
Luckey challenges the trial court's assessment of McMurray's credibility, arguing that McMurray's testimony is unbelievable. However, weighing evidence and assessing credibility are functions ordinarily reserved to the trier of fact. Seasons v. Coal Co. v.Cleveland (1984), 10 Ohio St.3d 77, 461 N.E.2d 1273; State v.Thomas (1982), 70 Ohio St.2d 79, 434 N.E.2d 1356.
At trial, McMurray testified that he was one or two feet from the front of Luckey's automobile when he was forced to jump back to avoid being struck as Luckey accelerated the car.
On appeal, Luckey argues that as McMurray's jump to safety is not physically possible as described in that testimony. However, Luckey points to no evidence in the record disclosing McMurray's physical inability to jump as he said he did. Thus McMurray's version of events is "not so unbelievable that no reasonable person could believe his testimony." State v. Harris (1991),73 Ohio App.3d 57, 67, 596 N.E.2d 563, 570.
Accordingly, Luckey's second assignment of error is overruled.
Judgment of the Auglaize County Municipal Court is Affirmed.
Judgment affirmed.
 EVANS and HADLEY, JJ., concur.