Defendant John Michaels appeals the judgment of the Tiffin Municipal Court, following a jury verdict finding him guilty of aggravated menacing in violation of R.C. 2903.21.
This case arises from a dispute between two neighbors in Kansas, Ohio. On the afternoon of April 25, 1999, Duane Durst was engaged in spraying weeds around his property when he heard his neighbor, defendant John Michaels, yell at him across the road. Both Mr. Durst and his mother, who overheard the incident, testified that the defendant yelled "did you see the bullet with your name on it." Mr. Durst then yelled back at the defendant, "no, bring it over and show it to me." The defendant then stated to Mr. Durst, "I will shoot you you little bastard." At this point, Mr. Durst and his mother went inside the Durst residence and notified the police. The defendant was subsequently charged with aggravated menacing.
At defendant's trial, both Mr. Durst and his wife testified that on a prior occasion, the defendant had made lewd gestures at Mr. Durst and then drove his truck at Mr. Durst in an apparent nonverbal threat to run him over. Mr. Durst and his wife also testified that they suspected that the defendant was responsible for shooting out the security lights in their barn and for shooting and killing a cat near their property, although both admitted on cross-examination that they had no direct knowledge that defendant was responsible for either action. Mr. Durst also testified that he took the defendant's threat "seriously," that defendant's son had sideswiped his truck and that the defendant had threatened him on at least one previous occasion. Finally, both Mr. Durst and his wife testified that defendant had a habit of wearing a gun around his property, and specifically testified that defendant had continued this practice even after the alleged menacing incident had occurred. Defendant's counsel objected to some of this testimony, but that objection was overruled by the trial judge. The jury subsequently convicted the defendant of a violation of R.C. 2903.21, and defendant now appeals that conviction, asserting four assignments of error with the trial court's judgment:
 Jury verdict of guilty was contrary to the manifest weight of the evidence.
 The trial court erred by denying the defendant-appellant's motion for acquittal pursuant to Rule 29(A) Ohio Rules of Criminal Procedure.
 The trial court erred by admitting improper evidence in this matter contrary to 404 of the Ohio Rules of Evidence, thus denying the defendant-appellant his Fifth Amendment and Fourteenth Amendment rights to due process.
 The defendant-appellant was deprived of his right to effective counsel as guaranteed by the Sixth Amendment to the United States Constitution.
For the sake of clarity, we choose to address defendant's assigned errors out of order, and will begin by discussing defendant's third assigned error. Defendant argues that the trial court erred by allowing the admission of testimony that should have been excluded under Evid.R. 404.
Defendant actually argues two separate points. First, he argues that the evidence admitted by the court was "improper characteristic evidence," presumably meaning that the evidence would be inadmissible under Evid.R. 404(A)(1).
 Evidence of a person's character or a trait of his character is not admissible for the purpose of proving that he acted in conformity therewith on a particular occasion, subject to the following exceptions * * * Evidence of a pertinent trait of his character offered by an accused, or by the prosecution to rebut the same is admissible * * *.
Evid.R. 404(A)(1). Although defendant's brief fails to specifically state what testimony he objects to, our review of the record indicates that no evidence implicating Evid.R. 404(A)(1) was admitted. Defendant argues that he cannot be convicted of a crime based on evidence that he is a bad person. See, e.g., Statev. Goines (1996), 111 Ohio App.3d 840, 846. We agree, but although defendant contends that the testimony portrayed him as a "terrible, violent person," it does not follow that such testimony is necessarily character evidence forbidden under Evid.R. 404(A)(1). On the contrary, there was no testimony alleging that defendant was a "terrible" or "violent" person, but the court did admit testimony about acts by the defendant which could be interpreted as violent or aggressive. This is not the type of evidence forbidden by Evid.R. 404(A)(1), which merely forbids evidence of character to prove conforming conduct. See, e.g.,State v. Smith (1992), 84 Ohio App.3d 647, 660. The rule does not forbid evidence of the conduct itself.
However, defendant also contends that the "other acts" testimony violates Evid.R. 404(B):
 Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.
Evid.R. 404(B). Defendant contends that the trial court improperly allowed Duane and Michelle Durst to relate their previous incidents with the defendant, and improperly allowed testimony that defendant wore a gun around his property.
The trial court ruled that this evidence was admissible because it tended to prove that Duane Durst believed the threat of violence allegedly made by the defendant.
 Well, usually other acts would not be admissible. However, in a menacing case it's necessary to show that the victim believed the threat. For that purpose and, that purpose only, we will hear evidence, evidence of prior acts.
Trial Transcript at *43.
We will begin our analysis by examining the language of the aggravated menacing statute. R.C. 2902.21 reads, in pertinent part:
 No person shall knowingly cause another to believe that the offender will cause serious physical harm to the person * * *.
As the statute indicates, the State was required to prove that the defendant 1) knowingly, 2) caused Duane Durst to believe that the defendant would cause him 3) serious physical harm. See, e.g.,State v. Schwartz (1991), 77 Ohio App.3d 484. The trial judge correctly concluded that Mr. Durst's past relationship and history of incidents with the defendant was directly relevant to the question of whether or not the defendant "cause[d] another to believe" his alleged threat. Decisions regarding the admission of relevant evidence are within the discretion of the trial court, and will not be reversed absent an abuse of discretion. See,e.g., State v. Combs (1991), 62 Ohio St.3d 278, 284. Moreover, the trial court explicitly ruled that the evidence was admissible only for the limited purpose of establishing that Mr. Durst believed the defendant's threat. Evid.R. 404(B) does not preclude all evidence of prior bad acts, only evidence admitted to show that the defendant acted in conformity therewith. See Evid.R. 4040(B).
Here, the evidence of "other acts" was admitted to establish why Mr. Durst took the defendant's threat "seriously," not to prove that Mr. Michaels "acted in conformity" with the prior acts. Cf. State v. Warren (December 31, 1990), Stark App. No. CA-8258, unreported at *1, 1990 WL 237478, cited in State v. Schwartz,77 Ohio App.3d at 487. Because the state was required to prove that Mr. Durst believed the threat, see R.C. 2903.21(A), and because the evidence was admitted for that limited purpose only, we find no error in the trial court's decision to admit the "other acts" evidence. For the foregoing reasons, defendant's third assignment of error is overruled.
Defendant argues in his fourth assigned error argues that his trial counsel was so deficient that he was denied hisSixth Amendment right to counsel. In analyzing such claims, it is important to emphasize that properly licensed attorneys are presumed to be competent, and that the defendant bears the burden of proving that his trial counsel was ineffective. See State v.Hamblin (1988), 37 Ohio St.3d 153, 155-56. The United States Supreme Court has established a two-pronged test to analyze claims of ineffective assistance of counsel.
 First, defendant must show that counsel`s performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial.
State v. Clemons (1998), 82 Ohio St.3d 438, 449-50, quotingStrickland v. Washington (1984), 466 U.S. 668, 687.
Here, the defendant has alleged that the deficiency of his trial counsel is based in part on his trial counsel's failure to object to and decision to cross examine prosecution witnesses about the "other acts" evidence that he challenges in his third assignment of error. However, we have already determined that evidence was properly admitted to establish that Duane Durst believed the defendant's threat. See infra, at *4-5. Therefore, it cannot be claimed that defendant's trial counsel performed deficiently by failing to object or by cross-examining the State's witnesses about those acts. See State v. Brown (1988), 38 Ohio St.3d 305,319.
Defendant also alleges that his trial counsel performed deficiently because he violated a so-called "cardinal rule" by asserting in opening statement that he would present witnesses and testimony and subsequently failing to do so. However, our review of defense counsel's opening statement reveals that counsel merely stated what the testimony at trial would demonstrate. Counsel did not claim that specific testimony or witnesses would be offered in the defense case. Moreover, defendant has not established that his trial counsel's decision not to present a case falls outside the what could be considered a sound trial strategy. See State v.Braxton (1995), 102 Ohio App.3d 28, 48, citing Strickland v.Washington, 466 U.S. at 689.
Finally, defendant alleges his trial counsel performed defectively by failing to move for acquittal based on the prosecutor's opening statement. We disagree. A defendant is not deprived of effective assistance of counsel merely because his trial counsel chooses not to pursue every possible trial tactic. See, e.g., State v. Brown (1988), 38 Ohio St.3d 305, 319. Moreover, in a criminal case the trial court has no authority to render a judgment of acquittal until, at the earliest, "after the evidence on either side is closed." See City of Findlay v. Clark
(February 12, 1996), Hancock App. No. 5-95-8, unreported at *3-4, 1996 WL 65601, construing Crim.R. 29(A).
Based on the foregoing, we conclude that the defendant has not shown his trial counsel's performance to be deficient and therefore fails to meet his burden under the first prong of theStrickland analysis. Accordingly, defendant's fourth assigned error is overruled.
In his second assignment of error, the defendant argues that the trial court erred by failing to grant his motion for acquittal pursuant to Crim.R. 29(A).
 Pursuant to Crim.R. 29(A), a court shall not order an entry of judgment of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt.
State v. Bridgeman (1978), 55 Ohio St.2d 261, syllabus. When ruling on a motion pursuant to Crim.R. 29(A), courts are required to construe the evidence in favor of the State, see, e.g., Statev. Fyffe (1990), 67 Ohio App.3d 608, 613, and the motion will not be granted unless the evidence is insufficient to sustain a conviction. See, e.g., State v. Apanovitch (1987), 33 Ohio St.3d 19,23.
Here, the State has satisfied its burden, and the trial court properly overruled defendant's Rule 29 motion. The State presented evidence tending to show that the defendant knowingly caused Duane Durst to believe that the defendant would cause him serious physical harm. The defendant contends that Mr. Durst's testimony that he took the threat "seriously" is not credible. However, courts must construe the evidence in favor of the State when reviewing a motion under Crim.R. 29(A), and it cannot be said that Mr. Durst's testimony is so inherently unreliable that it must be disregarded as a matter of law. Defendant's second assigned error is also overruled.
Finally, in his first assigned error the defendant argues that his conviction was against the manifest weight of the evidence. The standard to apply when reviewing such a claim as been set forth as follows:
 The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.
State v. Martin (1983), 20 Ohio App.3d 172, 175; see also State v.Thompkins (1997), 78 Ohio St.3d 380, 387. Courts of appeals reversing the judgment of a trial court on the basis that the verdict is against the weight of the evidence act as a `thirteenth juror' who rejects the factfinder's resolution of the conflicting testimony. See id. at 387, citing Tibbs v. Florida (1982),457 U.S. 31, 42. Reversal of the judgment of a jury trial on the weight of the evidence requires a unanimous concurrence of all three judges on the court of appeals panel reviewing the case is required. See Thompkins, 78 Ohio St.3d at 389. Furthermore, appellate courts reverse on the ground of manifest weight only in exceptional cases "where the evidence weighs heavily against the conviction." Id. This is not such a case. The State presented evidence to support every element of the offense, and we cannot say that the jury clearly lost its way in weighing that evidence, or that defendant's conviction creates a manifest miscarriage of justice. Accordingly defendant's second assignment of error is overruled.
For the reasons set forth in the foregoing opinion, the judgment of the Municipal Court of Tiffin is hereby affirmed.
Judgment affirmed.
BRYANT, P.J., and WALTERS, J., concur.