OPINION
{¶ 1} Defendant-appellant, David Barrett, appeals his bench trial conviction for aggravated menacing for which he received a 30-day suspended sentence and three years of nonreporting probation.
 {¶ 2} Appellant, age 40, was charged following an incident in a Sears store during which he confronted the victim, 17-year-old, Timothy Blankenship, an employee of Sears who was working at the time. The record reflects that a previous incident between Blankenship and appellant's son had created ill-will between the parties.
 {¶ 3} According to Blankenship, appellant waited until Blankenship finished waiting on customers, approached his register, said "F--- You" several times, then threatened to come back and shoot Blankenship when he finished his work shift. Appellant denied making any threat to shoot Blankenship, but admitted to repeatedly using vulgar language in the presence of the victim.
 {¶ 4} As his sole assignment of error, appellant claims the trial court erred as a matter of law in convicting him of aggravated menacing. It is appellant's position that his language, no matter how crude and socially unacceptable, is nevertheless subject to First Amendment protection and cannot be used to support an aggravated menacing conviction.
 {¶ 5} R.C. 2903.21(A) provides that "[n]o person shall knowingly cause another to believe that the offender will cause serious physical harm to the person * * * of the other person[.]" The essence of a charge of aggravated menacing is that the victim is placed in fear of his life. See State v. Burch (Jan. 25, 1993), Monroe App. No. 694.
 {¶ 6} Although appellant is correct in asserting that he has a constitutional right to express himself, albeit in an offensive manner, the question is not whether appellant's speech is entitled to First Amendment protection. Rather, the issue is whether appellant's comments, no matter what their nature, caused the victim to fear for his life or believe that he faced serious physical harm.
 {¶ 7} The victim testified that appellant threatened to return and shoot him when his shift was over. It is also apparent the victim believed appellant would carry out this threat. Aggravated menacing is sufficiently demonstrated when the offender knowingly causes the victim to believe the offender will carry his threat into execution. State v.Schwartz (1991), 77 Ohio App.3d 484.
 {¶ 8} Although the trial court focused almost exclusively on appellant's repeated use of the phrase "F--- You" as the basis for issuing a finding of guilt, the court noted that it believed there were several occasions when serious physical harm was about to be inflicted upon the victim.
 {¶ 9} A reviewing court need not reverse a correct judgment merely because erroneous reasons were assigned as a basis thereof. See State v.Buchanan (May 17, 1999), Clermont App. No. CA98-09-077. While the trial court may have incorrectly relied on the offensive nature of appellant's speech to support the conviction, we conclude that there was independent evidence in the record to support appellant's conviction for aggravated menacing and that the trial court did not err as a matter of law in finding appellant guilty.
 {¶ 10} For these reasons, appellant's assignment of error is overruled.
Judgment affirmed.
YOUNG and VALEN, JJ., concur.