OPINION
{¶ 1} Defendant-appellant, Jamie Ozias, appeals his conviction in the Butler County Area II Court for disorderly conduct in violation of R.C. 2917.11(A)(1). We affirm the decision of the trial court.
 {¶ 2} This case is the result of an ongoing dispute between appellant and a neighbor, Dewaine Blair. According to Blair, on December 27, 2002, he noticed a delivery truck backing out of appellant's driveway break one of his fence posts. Blair went to appellant's house with the broken fence post and explained what happened.
 {¶ 3} Appellant purchased a replacement fence post and went to Blair's house. Appellant also handed Blair a veterinarian's bill from an incident where he claimed Blair's dog came on his property and attacked his dog. Appellant and Blair dispute what happened next. Blair claims that appellant threatened him, was "cursing and ranting and raving" and that he repeatedly asked appellant to leave. According to appellant, he did not threaten Blair or curse. Instead, he testified that Blair was abusive and "stomach butted" him.
 {¶ 4} Blair filed a complaint against appellant for menacing on December 30, 2002. A bench trial was held on April 14, 2003. At the close of the state's case, the trial court discussed the evidence it had heard so far with the parties, stating that while it did not feel there was sufficient evidence of menacing there was evidence that appellant was guilty of trespassing. The trial court also discussed the fact that Blair could be liable for the incident involving his dogs, and that the two were neighbors and needed to learn to get along. Appellant then presented his case. After listening to all of the evidence, the trial court found appellant not guilty of menacing, but guilty of disorderly conduct. He was fined $100 plus costs, with the fine suspended.
 {¶ 5} Appellant now appeals his conviction for disorderly conduct and raises three assignments of error.
Assignment of Error No. 1
 {¶ 6} "THE TRIAL COURT ERRED WHEN IT FOUND THE DEFENDANT, WHO WAS CHARGED WITH MENACING, A MISDEMEANOR 4, GUILTY OF DISORDERLY CONDUCT, A MINOR MISDEMEANOR."
Assignment of Error No. 2
 {¶ 7} "THE TRIAL COURT ERRED WHEN IT PREJUDGED THE DEFENDANT'S GUILT WHEN AFTER THE PLAINTIFF'S CASE THE COURT ANNOUNCED IT COULD NOT FIND THE DEFENDANT GUILTY OF MENACING BUT IT WOULD FIND THE DEFENDANT GUILTY OF TRESPASSING."
Assignment of Error No. 3
 {¶ 8} "WHEN THE COURT FOUND AT THE CLOSE OF THE STATE'S CASE THAT THE DEFENDANT WAS NOT GUILTY OF MENACING AND WAS GUILTY OF CRIMINAL TRESPASS, THE COURT ERRED WHEN IT DID NOT DISMISS THE CHARGE AGAINST THE DEFENDANT SINCE CRIMINAL TRESPASS WAS NOT A LESSER INCLUDED OFFENSE OF THE CHARGED OFFENSE, MENACING."
 {¶ 9} In his first assignment of error, appellant contends that the trial court erred in finding him guilty of disorderly conduct when he was charged with menacing. He further contends that disorderly conduct is not a lesser included offense of menacing.
 {¶ 10} Crim.R. 31(C) provides that upon trial of a criminal charge, "if lesser offenses are included within the offense charged, the defendant may be found not guilty of the degree charged but guilty of * * * a lesser included offense." See, also, R.C. 2945.74. "It is not necessary for the prosecution or the court to formally present a defendant with written charges of each lesser offense which may be proven by elements necessary for proof of the greater. A greater offense properly charged a fortiori charges the lesser included offenses by implication." State v. Struber (1990), 71 Ohio App.3d 86, 89. Thus, if disorderly conduct is a lesser included offense of menacing, the state was not required to formally charge appellant with the lesser offense before the trial court could convict him.
 {¶ 11} The Ohio Supreme Court has articulated a three-pronged test to determine whether a criminal offense is a lesser included offense of another. "A criminal offense may be a lesser included offense of another if (1) the offense carries a lesser penalty than the other; (2) the greater offense cannot, as statutorily defined, ever be committed without the lesser offense, as statutorily defined, also being committed; and (3) some element of the greater offense is not required to prove the commission of the lesser offense." State v. Barnes, 94 Ohio St.3d 21,25-26, 2002-Ohio-68, citing State v. Deem (1988), 40 Ohio St.3d 205,206.
 {¶ 12} Appellant was charged with menacing in violation of R.C.2903.22, which provides: "No person shall knowingly cause another to believe that the offender will cause physical harm to the person or property of the other person, the other person's unborn, or a member of the other person's immediate family." As defined above, menacing is a fourth-degree misdemeanor.
 {¶ 13} Appellant was convicted of disorderly conduct in violation of R.C. 2917.11, which, as applicable to this case, provides: "No person shall recklessly cause inconvenience, annoyance or alarm to another by doing any of the following: (1) engaging in fighting, in threatening harm to persons or property, or in violent or turbulent behavior * * *." As defined above, disorderly conduct is a minor misdemeanor.
 {¶ 14} As a minor misdemeanor, disorderly conduct carries a lesser penalty than menacing, and meets the first element for a lesser included offense. With regard to the second element, because a person will necessarily cause inconvenience, annoyance or alarm to another by threatening harm, and because recklessly is a lesser mental state than knowingly, menacing cannot be committed without also committing disorderly conduct. See State v. Wardlow (July 26, 1999), Highland App. No. 98CA11; State v. Shumaker (Feb. 18, 1994), Darke App. No. 1332CA;Xenia v. Leach (Oct. 10, 1997), Greene App. No. 96CA157 (holding that aggravated menacing cannot be committed without committing disorderly conduct). Finally, the greater mental state of knowingly is required for menacing, but not for disorderly conduct and for menacing, the offender must cause another to believe that the offender will cause physical harm, while disorderly conduct requires only that inconvenience, annoyance or alarm be caused.
 {¶ 15} Accordingly, we find that disorderly conduct is a lesser included offense to menacing. As such, the trial court did not err in convicting appellant of disorderly conduct. Appellant's first assignment of error is overruled.
 {¶ 16} In his second assignment of error, appellant contends that the trial judge prejudged appellant's guilt when it announced that it could not find appellant guilty of menacing, but that he would be guilty of trespassing.
 {¶ 17} We find no support for appellant's argument in the record. The trial court's comments to both appellant and Blair were more in the form of warning and advice that the two neighbors should learn to get along, and both were guilty of offending the other. Furthermore, appellant was not ultimately convicted of trespassing, but of disorderly conduct, and there is no evidence of prejudging his guilt related to disorderly conduct. Appellant's second assignment of error is overruled.
 {¶ 18} In his third assignment of error, appellant contends that the trial court erred by not dismissing the charges against him when it stated that the facts before it did not support menacing, but did support trespassing. Again, the trial court's comments, while ill-advised, were more in the form of advice and warning to the two neighbors. In addition, appellant did not request that the charges be dismissed, nor did he bring to the court's attention that it could not find him not guilty of menacing and guilty of trespassing because trespassing is not a lesser included offense of menacing. Instead, appellant chose to present his case and to let the judge rule on all of the evidence before it. As such, the trial court properly found appellant guilty of a lesser included offense to the one he was charged. Appellant's third assignment of error is overruled.
Judgment affirmed.
WALSH and POWELL, JJ., concur.