OPINION
{¶ 1} Defendant-appellant Joseph Decicco appeals his convictions and sentences in the Fairfield County Municipal Court on one count of Menacing, a misdemeanor of the fourth degree in violation of R.C.2903.22 (A), and one count of Disorderly Conduct, a minor misdemeanor in violation of R.C. 2917.11(A)(1). The plaintiff appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND THE CASE {¶ 2} Appellant and the complaining witness Deanna Runyon lived in adjacent side-by-side apartments in Lancaster, Fairfield County, Ohio. (T. at 89). Though the two parties had limited contact prior to this date, Ms. Runyon was aware that appellant had experienced problems with Gary Stuckey, the building landlord, who was like a godfather to Ms. Runyon. (T. at 123-124).
 {¶ 3} On September 7, 2005, Ms. Runyon was in her bathroom when she heard appellant yelling in his apartment. (T. at 103). Ms. Runyon testified that appellant made the following threat during his 30-minute tirade: "If he seen [sic] me cross his apartment doorway or go into the parking lot he was going to smash my face in." (T. at 104). Appellant further stated that he "didn't care if anyone heard him make the threat, as he hoped everyone could hear him and if something happened to him or he got put away he would blow up the building and if he couldn't finish the job he was going to have his friend do it." (T. at 104; 121). The wall separating the two apartments was thin and allowed for quite a bit of noise to be heard between the apartments. (T. at 91). Appellant knew this to be the case, as on prior occasions he had commented upon Ms. Runyon putting the kids to bed. (T. at 115).
 {¶ 4} Ms. Runyon further testified that appellant had looked at her when she walked inside her apartment earlier that morning, shortly before the tirade began. (T. at 114).
 {¶ 5} Ms. Runyon conceded that her testimony that appellant said he hoped everyone in the building could hear him was not in her original statement to police. (T. at 141-144).
 {¶ 6} Appellant did not present evidence or testify at trial.
 {¶ 7} On May 18, 2006, a jury trial was held. After the conclusion of the State's case, appellant moved for an acquittal on both charges pursuant to Criminal Rule 29, which was overruled by the trial court. (T. at 193-195). Thereafter, the jury deliberated and returned a verdict of guilty as to the menacing charge. The trial court also found appellant guilty of the disorderly conduct charge.
 {¶ 8} On May 31, 2006, appellant was sentenced on the menacing charge to, among other things, 30 days in jail with 20 days suspended and 10 days to serve. The trial court merged the disorderly conduct conviction with the menacing conviction for sentencing purposes.
 {¶ 9} Appellant filed a timely notice of appeal and raises the following assignment of error for our consideration:
 {¶ 10} "I. THERE WAS INSUFFICIENT EVIDENCE TO SUPPORT DEFENDANT'S CONVICTIONS FOR MENACING AND DISORDERLY CONDUCT AND DEFENDANT'S CONVICTIONS FOR MENACING AND DISORDERLY CONDUCT WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 I. {¶ 11} In his sole assignment of error, appellant maintains that his convictions for Menacing and Disorderly Conduct are against the weight and the sufficiency of the evidence. We disagree.
 {¶ 12} The Supreme Court has explained the distinction between claims of sufficiency of the evidence and manifest weight.
 {¶ 13} Sufficiency of the evidence is a question of law for the trial court to determine whether the State has met its burden to produce evidence on each element of the crime charged, sufficient for the matter to be submitted to the jury. A claim that evidence is insufficient to support a conviction as a matter of due process depends on "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt ." Jackson v.Virginia (1979), 443 U.S.307, 319, 99 S.Ct.2781, 2789. (Emphasis in original).
 {¶ 14} Manifest weight of the evidence claims concern the amount of evidence offered in support of one side of the case, and is a jury question. We must determine whether the jury, in interpreting the facts, so lost its way that its verdict results in a manifest miscarriage of justice, State v. Thompkins (1997), 78 Ohio St. 3d 387, citations omitted. On review for manifest weight, a reviewing court is "to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed. The discretionary power to grant a new hearing should be exercised only in the exceptional case in which the evidence weighs heavily against the judgment." State v. Thompkins, 78 Ohio St.3d 380,387, 1997-Ohio-52, citing State v. Martin (1983), 20 Ohio App.3d 172,175. Because the trier of fact is in a better position to observe the witnesses' demeanor and weigh their credibility, the weight of the evidence and the credibility of the witnesses are primarily for the trier of fact. State v. DeHass (1967), 10 Ohio St.2d 230, syllabus 1.
 {¶ 15} In State v. Thompkins (1997), 78 Ohio St.3d 380,678 N.E.2d 541, the Ohio Supreme Court held "[t]o reverse a judgment of a trial court on the basis that the judgment is not sustained by sufficient evidence, only a concurring majority of a panel of a court of appeals reviewing the judgment is necessary." Id., paragraph three of the syllabus. However, to "reverse a judgment of a trial court on the weight of the evidence, when the judgment results from a trial by jury, a unanimous concurrence of all three judges on the court of appeals panel reviewing the case is required." Id., paragraph four of the syllabus;State v. Miller (2002), 96 Ohio St.3d 384, 2002-Ohio-4931 at ¶ 38,775 N.E.2d 498.
 {¶ 16} In the case at bar, appellant was charged with Menacing in violation of R.C. 2903.22(A), which states:
 {¶ 17} "(A) No person shall knowingly cause another to believe that the offender will cause physical harm to the person or property of the other person, the other person's unborn, or a member of the other person's immediate family."
 {¶ 18} Appellant was further charged with a minor misdemeanor offense of Disorderly Conduct in violation of R.C. 2917.11 which states:
 {¶ 19} "(A) No person shall recklessly cause inconvenience, annoyance, or alarm to another by doing any of the following:( 1) Engaging in fighting, in threatening harm to persons or property, or in violent or turbulent behavior . . ."
 {¶ 20} Disorderly conduct is a lesser-included offense of menacing.State v. Ozias, 12th Dist. No. CA2003-04-102,2003-Ohio-5431.
 {¶ 21} To find the appellant guilty of Menacing as charged, the trier of fact would have to find that appellant knowingly caused the complaining witness to believe that the appellant will cause physical harm to the complaining witness.
 {¶ 22} R.C. 2901.22 defines "knowingly" as follows:
 {¶ 23} "(B) A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist."
 {¶ 24} R.C. 2901.01 (A) (3) defines "physical harm" as follows:
 {¶ 25} "(3) `Physical harm to persons' means any injury, illness, or other physiological impairment, regardless of its gravity or duration."
 {¶ 26} The crime of menacing can encompass a present state of fear of bodily harm and a fear of bodily harm in the future. Village of W.Lafayette v. Deeds (Oct. 23, 1996), 5th Dist. No. 96CA3; State v. Ali (2003), 154 Ohio App.3d 493, 501-2; 2003-Ohio-5150 at ¶ 26,797 N.E.2d 1019, 1025-25. "Generally, under the menacing laws, the state does not need to prove the offender's ability to carry out the threat or any movement toward carrying it out. State v. Schwartz (1991),77 Ohio App.3d 484, 602 N.E.2d 671; State v. Roberts (Sept. 26, 1990), Hamilton App. No. C-890639, unreported, 1990 WL 410625; Committee Comment to R.C. 2903.22(A)." State v. Collie (1996), 108 Ohio App.3d 580, 582,671 N.E.2d 338; State v. Lewis (Aug. 22, 1997), 11th Dist N. 96-P-0272; State v. Ali, supra. The sufficiency of the threat is a factual question reserved for the trier of fact. Dayton v. Dunnigan
(1995), 103 Ohio App.3d 67, 71, 658 N.E.2d 806.
 {¶ 27} In State v. Hileman, 5th Dist. No. 04COA048,2005-Ohio-1698 this Court held that the offense of menacing requires that threat be uttered to the purported victim or member of immediate family of purported victim. Appellant contends that the statements concerning Ms. Runyon were directed to appellant's girlfriend whom she admits was in appellant's apartment at the time the statements were made. Accordingly, appellant argues, the statements were not directed to Ms. Runyon or her immediate family members. Although this is one possibility that is not the only conclusion that the trier of fact was free to draw from the evidence.
 {¶ 28} The undisputed testimony at trial establishes that normal conversations could be heard through the walls of the apartments. (T. at 91-93; 114-115). Appellant was angry and yelling. (Id. at 105-106). Ms. Runyon testified that appellant observed her enter her apartment the morning of the incident. (Id. at 114; 132; 134-135). Forty-five minutes elapsed between the time she entered her apartment and the time she heard appellant making the statements. (Id. at 132). Ms. Runyon testified that she heard appellant say that he hoped everyone in the building could hear him. (Id. at 121). Ms. Runyon testified that she feared for her safety and the safety of her two young children as a result of overhearing appellant's remarks. (Id. at 107; 109).
 {¶ 29} Viewing this evidence in a light most favorable to the prosecution, we conclude that a reasonable person could have found beyond a reasonable doubt that it was "more likely than not" that Ms. Runyon would hear appellant's statements. Viewing this evidence in a light most favorable to the prosecution, we conclude that a reasonable person could have found beyond a reasonable doubt that appellant had committed the crimes of menacing and disorderly conduct. This is not a case where the victim was informed by a third party concerning the threats; rather the victim actually overheard the appellant making the threats. Viewing the evidence in a light most favorable to the prosecution appellant could well have intended for Ms. Runyon to hear the statements. Although this is not the only way to interpret the facts here, it is certainly a reasonable interpretation based on our standard of review.
 {¶ 30} We hold, therefore, that the state met its burden of production regarding each element of the crimes of menacing and disorderly conduct; accordingly there was sufficient evidence to support appellant's convictions.
 {¶ 31} Although appellant argued that the evidence was insufficient to prove that he knew Ms. Runyon was in her apartment and could hear his statements, and further the testimony was inconsistent on several points, the trier of fact was free to accept or reject any and all of the evidence offered by the parties and assess the witness' credibility. "While the jury may take note of the inconsistencies and resolve or discount them accordingly * * * such inconsistencies do not render defendant's conviction against the manifest weight or sufficiency of the evidence". State v. Craig (Mar. 23, 2000), Franklin App. No. 99AP-739, citing State v. Nivens (May 28, 1996), Franklin App. No. 95APA09-1236 Indeed, the jurors need not believe all of a witness' testimony, but may accept only portions of it as true. State v. Raver, Franklin App. No. 02AP-604, 2003-Ohio-958, at ¶ 21, citing State v. Antill (1964),176 Ohio St. 61, 67, 197 N.E.2d 548.; State v. Burke, Franklin App. No. 02AP-1238, 2003-Ohio-2889, citing State v. Caldwell (1992),79 Ohio App.3d 667, 607 N.E.2d 1096. Although the evidence may have been circumstantial, we note that circumstantial evidence has the same probative value as direct evidence. State v. Jenks (1991),61 Ohio St. 3d 259, 574 N.E. 2d 492.
 {¶ 32} In Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77, 81,461 N.E.2d 1273, the Ohio Supreme Court explained: "[a] reviewing court should not reverse a decision simply because it holds a different opinion concerning the credibility of the witnesses and evidence submitted before the trial court. A finding of an error in law is a legitimate ground for reversal, but a difference of opinion on credibility of witnesses and evidence is not." See, also State v.DeHass (1967), 10 Ohio St.2d 230, syllabus 1.
 {¶ 33} As an appellate court, we neither weigh the evidence nor judge the credibility of witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. Cross Truck v. Jeffries (February 10, 1982), Stark App. No. CA-5758. Accordingly, a judgment supported by competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence.CE. Morris Co. v. Foley Constr. (1978), 54 Ohio St. 2d 279,376 N.E. 2d 578.
 {¶ 34} We conclude the trier of fact, in resolving the conflicts in the evidence, did not create a manifest miscarriage of justice so as to require a new trial. Accordingly, appellant's convictions for menacing and disorderly conduct were not against the manifest weight of the evidence.
 {¶ 35} Appellant's sole assignment of error is overruled.
 {¶ 36} For the foregoing reasons, the judgment of the Fairfield County Municipal Court is affirmed.
Gwin, P.J., Edwards, J. and Boggins, J. concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Fairfield County Municipal Court is affirmed. Costs to appellant.