[Cite as *State v. Speer*, 2013-Ohio-5444.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio,                              :

      Plaintiff-Appellee,           :

                                          No. 12AP-893

v.                                         :        (M.C. No. 2012 CR B 015704 )

Robert H. Speer,                           :        (REGULAR CALENDAR)

      Defendant-Appellant.          :

---

D E C I S I O N

Rendered on December 12, 2013

---

*Richard C. Pfeiffer, Jr.*, **City Attorney**, *Lara N. Baker*, **City Prosecutor, and** *Orly Ahroni*, **for appellee.**

*Bay Law Office L.L.C.*, **and** *John A. Bay*, **for appellant.**

---

APPEAL from the Franklin County Municipal Court

CONNOR, J.

{¶ 1}  Defendant-appellant, Robert H. Speer ("appellant"), appeals from the July 26, 2012 judgment of the Franklin County Municipal Court finding him guilty of one count of aggravated menacing, in violation of R.C. 2903.21, one count of assault, in violation of R.C. 2903.13(A), and one count of resisting arrest, in violation of R.C. 2321.33.  Because the trial court did not abuse its discretion by admitting certain testimony, we affirm.

## I.  FACTS AND PROCEDURAL HISTORY

{¶ 2}  Appellant and Nicole McGee ("McGee") had been involved in an on-again off-again relationship for approximately two years.  While they resided in separate homes,

they stayed overnight in each other's home at different times during the course of their relationship. Because the utilities had recently been turned off at appellant's home, appellant was staying at McGee's home when the events of June 25, 2012 occurred.

{¶ 3} According to McGee's testimony, on the morning on June 25, 2012, appellant discovered that, approximately one month earlier, McGee had texted a naked photograph of herself to one of her friends. Appellant became angry and used a brick to break McGee's cell phone. For the rest of the day, appellant was in and out of McGee's home.

{¶ 4} Later that evening, between 11:00 and 11:30 p.m., appellant approached McGee and stated "Let me see your butt." (Tr. 180.) Because they were not in a relationship at that time and because appellant was angry, McGee refused. In response, appellant punched/slapped McGee on the left side of her face with his right hand. After being struck, McGee jumped up off the couch and ran outside.

{¶ 5} Once outside, McGee flagged down police officers she observed conducting a traffic stop. According to Columbus Police Officer Jason Clark, McGee appeared to "have a little bit of swelling and redness to her face." (Tr. 221.) Officer Clark radioed for other officers to assist McGee. Those officers arrived within five minutes.

{¶ 6} Columbus Police Officers Jeffrey Lazar and Phillip Jackson were dispatched to scene that evening. When they arrived, McGee tried to tell them what had happened. According to Officers Lazar and Jackson, appellant was screaming and making threats, specifically appellant shouted: "I don't care. Fuck the police. Bitch, I'll kill you. I didn't do nothing. I live here," and "Bitch, I'll kill you. You played me. I ain't fucking going nowhere. * * * I don't give a fuck about the police, * * * I'm not leaving." (Tr. 238, 264.) As Officers Lazar and Jackson attempted to place appellant under arrest, he resisted by pulling his arms underneath his body and refusing to allow them to handcuff him.

{¶ 7} While walking appellant to the police cruiser, appellant continued to scream, yell and threaten McGee. Appellant also threatened the police officers and told them that he had killed somebody in the past, specifically a police officer. According to Officer Jackson, McGee told them that appellant had killed someone before.

{¶ 8}   Counsel for appellant did not present any witnesses and appellant was found guilty of one count each of assault, aggravated robbery, and resisting arrest, and was sentenced accordingly.

## II.  ASSIGNMENT OF ERROR

{¶ 9}   Appellant appeals and brings the following sole assignment of error:

> The trial court erred in allowing repeated testimony from a witness, other than the prosecuting witness, of other acts committed by Appellant prior to the crime charged, in violation of Evid.R. 404(B), and deprived Appellant of his right to a fair trial guaranteed by Section 16, Article I of the Ohio Constitution and the Fifth and Fourteenth Amendments to the United States Constitution.

## III.  ANALYSIS

{¶ 10} Appellant argues that the testimony of Officers Lazar and Jackson indicating appellant stated that he had killed someone in the past, was improperly admitted as other-acts evidence.  Normally, an appellate court would review this issue under an abuse of discretion standard. *State v. Morris*, 132 Ohio St.3d 337, 2012-Ohio-2407.  However, appellant did not object to the challenged portion of Officer Lazar's testimony.  Furthermore, when Officer Jackson testified, appellant's objection was untimely and he failed to give the basis for the objection.  As such, the challenged testimony of both officers must be reviewed by this court under a plain error analysis.

{¶ 11} Evid.R. 404(B) provides:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith.  It may, however, be admissible for other  purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

{¶ 12} Appellant argues that testimony elicited from McGee and Officers Lazar and Jackson concerning statements made by appellant that he had killed someone before were improperly admitted.  Appellant contends that the challenged testimony was other acts evidence, which was inadmissible under Evid.R. 404(B).  For the reasons that follow, this court disagrees.

{¶ 13} Aggravated menacing is defined in R.C. 2903.21 as follows:

(A) No person shall knowingly cause another to believe that the offender will cause serious physical harm to the person or property of the other person, the other person's unborn, or a member of the other person's immediate family.

(B) Whoever violates this section is guilty of aggravated menacing.

{¶ 14} As the statute indicates, plaintiff-appellee, the State of Ohio ("the State"), was required to prove that appellant (1) knowingly, (2) caused the victim to believe that the appellant would cause her, (3) serious physical harm. *State v. Michaels*, 3d Dist. No. 13-99-41 (Dec. 15, 1999).

{¶ 15} The crime of aggravated menacing is triggered by a threat that intimidates or causes fear or apprehension by the recipient. *See State v. Schwartz*, 77 Ohio App.3d 484 (12th Dist.1991.).

{¶ 16} During his testimony, Officer Lazar testified that appellant stated that he had killed a police officer in the past:

Q. So after you successfully placed him under arrest, what happened next?

A. We were able to get him up and get him to the cruiser where he continued to be agitated, screaming and yelling, telling us that we had no right to do anything, he lived here, he didn't do anything.

Q. Okay. Did he continue to make threats?

A. Yes, he did.

Q. And what threats were those?

A. He was making several threats to us, and stating that, you know, he had killed somebody in the past, and that - - he said at the time it was an officer, but we didn't really take anything - - we didn't have any validity in his threats towards us.

(Tr. 240.)

{¶ 17} Appellant did not object to that testimony. During appellant's cross-examination of Officer Lazar, the following exchange took place:

[DEFENSE COUNSEL:] Okay. You indicated that once you had him in the cruiser that he continued to be agitated and threatening?

A. That's correct.

[DEFENSE COUNSEL:] And that at one point he threatened to kill you and your partner or mentioned something about he'd killed somebody in the past?

A. That is correct.

[DEFENSE COUNSEL:] Okay. And you inferred or you thought he said he'd killed an officer in the past?

A. He had said that it was an officer, and then he corrected himself in saying he wished it was an officer.

(Tr. 254.)

{¶ 18} During his testimony, Officer Jackson stated:

[THE STATE:] Okay. At what point did you make the arrest decision?

A. Well, it - - you know, I was trying to get the situation calmed down first, but once I seen that - - once he made those statements, and visually seeing her as I went by, like, there had already been a struggle or a fight or something going on. At that point, I took him to the cruiser for making those threats in front of me. As I'm taking him to the cruiser, the victim also reiterates, you know, he's killed somebody before.

[DEFENSE COUNSEL:] Objection.

A. So . . .

THE COURT: I'm going to overrule it since you kind of opened the door on that with the previous officer.

(Tr. 266.)

{¶ 19} Here, the testimony indicated that appellant had hit McGee previously, had hit her that night, threatened to hit her again, and that appellant had killed someone previously.

{¶ 20} In order to convict appellant of aggravated menacing, the State was required to prove each element of the offense, including the state of mind induced in McGee by appellant's actions and words. Appellant threatened to kill McGee and told Officers Lazar and Jackson that he had previously killed someone. Further, McGee advised officers that appellant had killed someone in the past. This evidence did not pertain to appellant's conduct or his propensity to commit violence; instead, it was admissible to establish that McGee believed appellant's threat that he would kill her and to prove the reasonableness of her fear of serious physical harm.

{¶ 21} After reviewing the record before us, this court finds that the statements were properly admissible to prove the elements of the offense of aggravated menacing. Further, appellant has not shown that, but for the statements, the outcome would have been different.

## IV. DISPOSITION

{¶ 22} Having overruled appellant's sole assignment of error, the judgment of the Franklin County Municipal Court is hereby affirmed.

*Judgment affirmed.*

KLATT, P.J., and BROWN, J., concur.

————————————