[Cite as *State v. Rankin*, 2014-Ohio-3104.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
| --- | --- | --- |
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. Patricia A. Delaney, J. |
| Plaintiff-Appellee | : | Hon. Craig R. Baldwin, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2013 AP 12 0048 |
| ANDREW PHELPS RANKIN | : |  |
|  | : |  |
| Defendant-Appellant | : | OPINION |

CHARACTER OF PROCEEDING:     Criminal appeal from the New Philadelphia
                                                      Municipal Court, Case No. CRB- 1201557

JUDGMENT:                               Affirmed

DATE OF JUDGMENT ENTRY:     July 11, 2014

APPEARANCES:

For Plaintiff-Appellee                     For Defendant-Appellant

EUGENE NEMITZ                          NICOLE R. STEPHEN
Assistant Prosecuting Attorney       Public Defender Office
150 E. High Ave., Ste. 113            153 North Broadway
New Philadelphia, OH 44663          New Philadelphia, OH 44663

*Gwin, P.J.*

{¶1} Defendant-appellant Andrew M. Phelps Rankin appeals his conviction entered by the New Philadelphia Municipal Court on one count of aggravated menacing in violation of R.C. 2903.21(A). Plaintiff-appellee is the State of Ohio.

*Facts & Procedural History*

{¶2} Appellant was an employee at Farsight Management ("Farsight") for most of 2012. On December 12, 2012, Robert Bennett ("Robert"), owner of Farsight, terminated appellant from employment at Farsight. At the end of the day, an incident occurred with appellant and Robert called the Tuscarawas County Sheriff's Department. As a result of the investigation, a summons was issued for appellant and charged him with aggravated menacing in violation of R.C. 2903.21(A). On October 29, 2013, the matter proceeded to a bench trial. The trial court found appellant guilty of the charge and proceeded to a sentencing hearing. Both appellant's attorney and appellee recommended probation for appellant, however, after appellant told the trial court he did not want probation and he would take the maximum sentence, the trial court sentenced appellant to 180 days in the Tuscarawas County Jail.

{¶3} At the trial, Robert testified that appellant was initially very cordial and polite after he was terminated. However, after appellant finished work for the day, Robert stated he was down at the storage facility at the other end of the property as appellant was going up to his car to leave the property. Robert testified that appellant "made it very well known to me that he's going to be coming back next Friday for his check and he's going to be bringing a gun and his check better be ready." Robert understood this to mean that if appellant's check was not ready he would bring a gun to

cause harm. When asked whether Robert believed appellant would cause harm to him, Robert testified he immediately called the sheriff's office and took appellant's threat very seriously. Robert stated appellant did not return to the property the next Friday because the sheriff's office informed appellant he was not allowed on the property.

{¶4} On cross-examination, Robert testified he was approximately sixty (60) feet away from appellant in the parking lot when the statement was made. Appellant did not tell Robert he was coming back to shoot him and did not tell Robert he would hunt him down. When asked if appellant specifically said his name, Robert testified that appellant said "this is bullshit, Bob."

{¶5} Appellant objected to the testimony of Jane Bennett ("Jane"), part owner of Farsight and the wife of Robert, due to the fact that she was not listed on appellee's witness list. The trial court overruled the objection and allowed Jane to testify because the sheriff's report listed Jane as a witness and appellant received Jane's written statement in discovery.

{¶6} Jane testified that she heard appellant get upset with the office manager at Farsight when he found out he had to return his equipment prior to receiving his last paycheck and that appellant told the office manager that he better have the check by Friday and he was coming back with the gun. Jane stated that, at this point, she believed appellant was going to come back and hurt them because she had observed he has a very hot temper. Jane also testified to the incident involving appellant and Robert when she heard appellant yelling at Robert. Jane ran out on the front porch and understood exactly what appellant told Robert. Jane heard appellant say he would be

back on Friday for his check and either he would bring his gun or he was getting his gun. Jane took this as a very scary threat, though she did not call the police.

{¶7} Deputy Robert Copple ("Copple"), a deputy at the Tuscarawas County Sheriff's Office, responded to the call from Robert on December 12, 2012. Copple spoke to Robert, Jane, and one of the employees at Farsight. Copple testified Robert and Jane were upset, visibly shaken, and nervous over what appellant said to Robert. Robert and Jane reported that appellant threatened to come back with a gun to pick up his last paycheck. When Copple spoke to appellant during his investigation, appellant claimed he did not do any of the things they said he did. As a result of the investigation, Copple issued a summons for aggravated menacing. Copple stated he thought the threat of serious physical harm was when appellant told them he was going to come back with his gun or come back to get his check and was going to have a gun with him. Copple believed appellant meant it as a threat as the witnesses were visibly shaken.

{¶8} Appellant appeals, assigning the following as error:

{¶9} "I. THE CONVICTION FOR AGGRAVATED MENACING, A VIOLATION OF OHIO REVISED CODE SECTION 2903.21(A) WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶10} "II. THE CONVICTION FOR AGGRAVATED MENACING IS NOT SUPPORTED BY SUFFICIENT EVIDENCE AS THERE WAS INSUFFICIENT EVIDENCE TO CONVICT THE DEFENDANT OF KNOWINGLY CAUSING ANOTHER TO BELIEVE HE WILL CAUSE SERIOUS PHYSICAL HARM TO THE PERSON OR PROPERTY.

{¶11} "III. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR AND VIOLATED THE APPELLANT'S DUE PROCESS RIGHTS UNDER THE 14TH AMENDMENT WHEN IT ALLOWED THE STATE TO PRESENT A WITNESS OVER THE APPELLANT'S OBJECTION THAT THE STATE FAILED TO PROVIDE THAT WITNESS TO THE APPELLANT IN VIOLATION OF OHIO CRIMINAL RULE 16."

{¶12} For ease of discussion, we will initially address appellant's third assignment of error.

III.

{¶13} Appellant argues the trial court erred in allowing Jane to testify because appellee did not provide Jane's name on their witness list. We disagree.

{¶14} Criminal Rule 16 governs discovery procedures to be followed by parties in criminal actions. The purpose of the discovery rule is to provide the parties in a criminal case with the information necessary for a full and fair adjudication of the facts, to protect the integrity of the justice system, the rights of defendants, and the well-being of witnesses, victims, and society at large. Crim.R. 16(A). Specifically, Criminal Rule 16(I) provides that, "each party shall provide to opposing counsel a written witness list, including the names and addresses of any witness it intends to call in its case-in-chief or reasonably anticipates calling in rebuttal."

{¶15} Further, Crim.R. 16(L)(1) provides:

> * * * If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with this rule or with an order issued pursuant to this rule, the court may order such party to permit the discovery

or inspection, grant a continuance, or prohibit the party from introducing in evidence the material not disclosed, or it may make such other order as its deems just under the circumstances.

{¶16} The Ohio Supreme Court has held when a prosecutor violates Crim.R. 16 by failing to provide the name of a witness, a trial court does not abuse its discretion in allowing the witness to testify where the record fails to disclose: (1) a willful violation of the rule; (2) that foreknowledge would have benefitted the accused in the preparation of his or her defense; and (3) that the accused was unfairly prejudiced. *State v. Heinish*, 50 Ohio St.3d 231, 553 N.E.2d 1026 (1990), see, also, *State v. Wiles*, 59 Ohio St.3d 71, 79, 571 N.E.2d 97 (1991).

{¶17} We do not find the trial court erred in allowing Jane to testify. Appellant has not shown the failure to place Jane's name on the witness list was a willful violation of discovery rules. Defense counsel was put on notice that Jane was a potential witness when her name was listed in the police report and, in response to appellant's discovery request, appellee stated that "any names contained on the attached police or accident reports, whether listed as witnesses, passengers, or investigators, should be considered as potential witnesses at trial of this matter." Further, the prosecution, as part of the discovery process, turned the statement of Jane over to the defense prior to her testimony at trial. At trial, defense counsel conceded she received the witness statement from Jane and that her name appeared on a witness supplement.

{¶18} Further, appellant has not shown how the lack of Jane being on the last witness list affected his ability to prepare the defense except for a vague reference that

counsel for appellant would have paid more attention to Jane's witness statement in preparation for trial. Appellant also can prove no prejudice by the admission of the testimony. Defense counsel had the opportunity to cross-examine the witness and had the opportunity to review the witness statement during a recess prior to Jane's testimony. Finally, in the absence of a motion for a continuance, the trial court properly concluded that defense counsel was prepared to go forward at that time. *State v. Finnerty*, 45 Ohio St.3d 104, 543 N.E.2d 1233 (1989). Here, appellant failed to request a continuance when faced with this witness and instead only asked for the most stringent option of total exclusion of the testimony. Thus, the trial court properly concluded counsel was prepared to go forward at that time due to the lack of request for continuance.

{¶19} For the foregoing reasons, we find the trial court did not abuse its discretion in allowing Jane to testify. Appellant's third assignment of error is overruled.

I. & II.

{¶20} Appellant maintains his conviction is against the manifest weight of the evidence and is not supported by sufficient evidence. We disagree.

{¶21} Our review of the constitutional sufficiency of evidence to support a criminal conviction is governed by *Jackson v. Virginia*, 443 U.S. 307, 319, 61 L.Ed. 560 (1979), which requires a court of appeals to determine whether "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.*; see also *McDaniel v. Brown*, 558 U.S. 120, 130 S.Ct.665, 673, 175 L.Ed.2d 582 (2010).

**{¶22}** Weight of the evidence addresses the evidence's effect of inducing belief. *State v. Thompkins*, 78 Ohio St.3d 380, 386-87, 678 N.E.2d 541 (1997), *superseded by constitutional amendment on other grounds as stated by State v. Smith*, 80 Ohio St.3d 89, 684 N.E.2d 668, 1997-Ohio-355. Weight of the evidence concerns "the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greater amount of credible evidence sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its effect in inducing belief." *Id.* at 387, 684 N.E.2d 668, 78 Ohio St.3d 380, 678 N.E.2d 541.

**{¶23}** When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a "thirteenth juror" and disagrees with the fact finder's resolution of the conflicting testimony. *Id.* at 387, 678 N.E.2d 541, quoting *Tibbs v. Florida*, 457 U.S. 31, 42, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982). An appellate court may not merely substitute its view for that of the jury, but must find that "the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Thompkins*, supra, 78 Ohio St.3d at 387, 678 N.E.2d 541. Accordingly, reversal on manifest weight grounds is reserved for "the exceptional case in which the evidence weighs heavily against the conviction." *Id.*

**{¶24}** As an appellate court, we are not fact finders; we neither weigh the evidence nor judge the credibility of witnesses. Our role is to determine whether there

is relevant, competent and credible evidence upon which the fact finder could base his or her judgment. *Cross Truck v. Jeffries*, 5th Dist. No. CA-5758, 1982 WL 2911 (Feb. 10, 1982). The Ohio Supreme Court has emphasized: "[I]n determining whether the judgment below is manifestly against the weight of the evidence, every reasonable intendment and every reasonable presumption must be made in favor of the judgment and the finding of facts* * *." *Eastley v. Volkman*, 132 Ohio St.3d 328, 334, 972 N.E.2d 517, 2012-Ohio-2179. Furthermore, it is well established that the trial court is in the best position to determine the credibility of the witnesses. See, e.g., *In re Brown,* 9th Dist. No. 21004, 2002–Ohio–3405, ¶ 9, citing *State v. DeHass,* 10 Ohio St .2d 230, 227 N.E.2d 212(1967).

**{¶25}** Appellant was convicted of aggravated menacing, in violation of R.C. 2903.21(A) which reads, "No person shall knowingly cause another to believe that the offender will cause serious physical harm to the person or property of the other person, the other person's unborn, or a member of the other person's immediate family."

**{¶26}** Appellant contends his statement was insufficient to knowingly cause another to believe appellant would cause him serious physical harm. Appellant argues there is no evidence of serious physical harm and no threat existed because appellant never said he was going to use his gun and his statement involved something occurring a week away. Appellant posits that he was not capable of causing serious physical harm because there was no evidence he actually owned a gun or threat that he would actually use the gun.

**{¶27}** While appellant argues that he would have been unable to carry out the threat because there was no evidence he owned a gun, neither the intent nor the ability

to carry out the treat is an element of the offense. *State v. Wetherby*, 5th Dist. Licking No. 12-CA-69, 2013-Ohio-3442; *Dayton v. Dunnigan*, 103 Ohio App.3d 67, 658 N.E.2d 806 (1995).

**{¶28}** The crime of aggravated menacing is triggered by a threat that intimidates or causes fear or apprehension by the recipient. *State v. Schwartz*, 77 Ohio App.3d 484, 602 N.E.2d 671 (12th Dist. 1991). Aggravated menacing does not require an imminent fear of serious physical harm as suggested by appellant. Even a conditional threat can constitute a violation of the menacing laws. *State v. Collie*, 108 Ohio App.3d 580, 582, 671 N.E.2d 338 (1st Dist. 1996). The crime of menacing can encompass a present state of fear of bodily harm and a fear of bodily harm in the future. *Village of West Lafayette v. Deeds*, 5th Dist. Coshocton No. 96 CA 3, 1996 WL 752778 (Oct. 23, 1996). What is necessary to establish the offense of menacing is the victim's subjective belief that the defendant can cause physical harm to himself, his immediate family, or his property. *State v. Klempa*, 7th Dist. Belmont No. 01-BA-63, 2003-Ohio-3482.

**{¶29}** In this case, Robert understood appellant to mean that appellant was going to bring a gun with him next week and if his check was not ready, appellant would cause Robert or his family harm. When asked whether Robert believed appellant would cause harm to him, Robert testified he immediately called the sheriff's office and took appellant's threat seriously. Jane stated she took appellant's statement as a very scary threat and she thought he would come back and hurt them because she had observed appellant had a very hot temper. Detective Copple testified that, when he arrived at Farsight on December 12, 2012, Robert and Jane were upset, visibly shaken, and nervous because of what appellant said. Accordingly, upon review of the record, we

find sufficient credible evidence to support the aggravated menacing conviction. Further, we do not find the conviction is against the manifest weight of the evidence. Appellant's first and second assignments of error are overruled.

{¶30} Based on the foregoing, appellant's assignments of errors are overruled. The judgment of the New Philadelphia Municipal Court is affirmed.

By Gwin, P.J.

Delaney, J., and

Baldwin, J., concur