[Cite as *State v. Buckner*, 2024-Ohio-2615.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## VAN WERT COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

        CASE NO. 15-23-08

  v.

JACK K. BUCKNER,

        O P I N I O N

    DEFENDANT-APPELLANT.

---

**Appeal from Van Wert Municipal Court**
**Trial Court No. CRB 2200558**

**Judgments Affirmed in Part, Reversed in Part and Cause Remanded**

**Date of Decision:  July 8, 2024**

---

**APPEARANCES:**

    *Terry L. Simson* **for Appellant**

    *John E. Hatcher* **for Appellee**

**ZIMMERMAN, J.**

{¶1} Defendant-appellant, Jack K. Buckner ("Buckner"), appeals the September 29, 2023 judgments of conviction and sentence of the Van Wert Municipal Court. For the reasons that follow, we affirm in part and reverse in part.

{¶2} This case stems from a 911 call Buckner made to the Van Wert County Sheriff's Office on July 6, 2022. After the dispatcher answered the call and asked the address of the emergency, Buckner gave his address then proceeded to rant to the dispatcher for 35 seconds about "cops" "sitting out here" and "stopping everybody that comes out to my house." (Sept. 29, 2023 Tr. at 60). (*See also* State's Ex. 1). Buckner's rants are mostly unintelligible and profanity laden. At one point, Buckner stated, "I'm about to" "get them" and "[g]ot my own" "gun in the shed." (Sept. 29, 2023 Tr. at 60-61). Buckner abruptly ended the call with, "And if you want to ask me questions, you got my address. (Yelling louder) You go ask me." (Parenthetical information in transcript.) (*Id.* at 61).

{¶3} On July 21, 2022, Buckner was charged with menacing in violation of R.C. 2903.22, a first-degree misdemeanor, in case number CRB 2200558 A; and improper use of a 911 system in violation of R.C. 128.32(F), a fourth-degree misdemeanor, in case number CRB 2200558 B. As to the menacing charge, the complaint alleged that Buckner "[d]id [k]nowingly cause State of Ohio to believe that said Jack Buckner would cause physical harm to the person or property of State

of Ohio * * * to wit: Jack Buckner made the statement of 'I'm about to get them all' speaking about [t]he *Van Wert County Sheriff Deputies*." (Emphasis added.) (Case No. CRB 2200558 A, Doc. No. 1).

{¶4} A one-day jury trial was held on September 29, 2023 and concluded when the jury returned a guilty verdict on both charges. On that same day, the trial court sentenced Buckner to 30 days in jail on each charge and ordered that the sentences be served concurrently, with credit for four days.

{¶5} On October 4, 2023, Buckner filed a notice of appeal. He raises two assignments of error for our review.

**First Assignment of Error**

**The Trial Court erred when it allowed the State to call an undisclosed witness over the objection of Defendant's trial counsel.**

{¶6} In his first assignment of error, Buckner argues that the trial court abused its discretion by allowing the dispatcher—an undisclosed witness—to testify at trial and to authenticate the recording of the 911 call. Specifically, the State failed to disclose the dispatcher's name and address on its witness list in contravention of Crim.R. 16(I). Buckner asserts that he was prejudiced by the dispatcher's testimony because "[t]he jury would have been unable to hear the 911 call at issue" if the dispatcher had been excluded from testifying as a sanction for the State's discovery violation. (Appellant's Brief at 3).

*Standard of Review*

{¶7} "The decision of whether to exclude a witness's testimony based on a failure to disclose the witness's name lies within the trial court's sole discretion." *State v. Valdez*, 3d Dist. Marion No. 9-16-01, 2017-Ohio-241, ¶ 114.  Thus, we review a trial court's decision regarding a Crim.R. 16 discovery sanction for an abuse of discretion.  *State v. Holcombe*, 3d Dist. Hancock No. 5-12-11, 2012-Ohio-5948, ¶ 12.  An abuse of discretion suggests that a decision is unreasonable, arbitrary, or unconscionable.  *State v. Adams*, 62 Ohio St.2d 151, 157 (1980).

*Analysis*

{¶8} Crim.R. 16 governs discovery matters in a criminal proceeding.  The purpose of Crim.R. 16 is, among other things, "to provide all parties in a criminal case with the information necessary for a full and fair adjudication of the facts." Crim.R. 16(A).  In furtherance of this purpose, Crim.R. 16(I) mandates that "[e]ach party shall provide to opposing counsel a written witness list, including names and addresses of any witness it intends to call in its case-in-chief, or reasonably anticipates calling in rebuttal or surrebuttal."

{¶9} "If the court determines that a party committed a discovery violation, then 'the court may order such party to permit the discovery or inspection, grant a continuance, or prohibit the party from introducing in evidence the material not disclosed, or it may make such other order as it deems just under the

circumstances.'" *Valdez* at ¶ 112, quoting Crim.R. 16(L)(1). When considering the appropriate sanction for a discovery violation, the trial court has "a duty to choose the least severe sanction available." *Id.* at ¶ 124.

**{¶10}** In situations where the prosecution fails to disclose a witness prior to trial, "a trial court does not abuse its discretion when admitting the testimony of an undisclosed witness if (1) 'the failure to provide discovery was not willful,' (2) 'foreknowledge of the statement would not have benefitted the defendant in the preparation of the defense,' and (3) 'the defendant was not prejudiced by the admission of the evidence.'" *State v. Terry*, 130 Ohio App.3d 253, 260 (3d Dist.1998), quoting *State v. Heinish,* 50 Ohio St.3d 231, 236 (1990). *See also State v. Rankin*, 5th Dist. Tuscarawas No. 2013 AP 12 0048, 2014-Ohio-3104, ¶ 17-19 (concluding that the trial court did not abuse its discretion by admitting the testimony of an undisclosed witness when the discovery violation was not willful, did not affect the defendant's ability to prepare a defense, and the defendant was not prejudiced).

**{¶11}** In this case, Buckner argues that the trial court abused its discretion when it allowed the dispatcher to testify at trial and to authenticate the recording of the 911 call. Buckner asserts that, if the dispatcher had been excluded from testifying as a sanction for the State's discovery violation, "there is a distinct possibility that the result of the trial would have gone the other way." (Appellant's

Brief at 3). In response, the State argues that "the 911 call is the main focal point of the offense" and it is illogical for Buckner to claim surprise that the dispatcher would be called to testify for authentication purposes. (Appellee's Brief at 5).

{¶12} After reviewing the record, we cannot say that the trial court abused its discretion by allowing the dispatcher to testify even though the State failed to place the dispatcher's name and address on its witness list in violation of Crim.R. 16(I). First, Buckner has not shown that the State's failure to disclose the dispatcher's name and address was a willful discovery violation. *See Rankin* at ¶ 17. The record in this case shows that the State's final pretrial statement listed the recorded 911 call as an exhibit to be offered into evidence. Thus, we conclude that Buckner was on notice that the recording of the 911 call would be in issue at trial.

{¶13} Second, Buckner has not shown that the State's failure to disclose the dispatcher as a witness affected his ability to prepare a defense. *See Rankin* at ¶ 18. Buckner vaguely asserts, "It is difficult to prepare for a trial, when one does not know whether a particular witness may be called." (Appellant's Brief at 3). Nonetheless, when faced with the dispatcher being called as the State's first witness, Buckner did not request a continuance to prepare for the dispatcher's testimony. Instead, Buckner sought the most severe sanction of total exclusion of the testimony. "'[I]t is generally seen as improper to sanction a party by barring the testimony of a previously undisclosed witness where the violation is not willful and the substance

of the witness's testimony does not take the defense completely by surprise.'" *Valdez* at ¶ 112, quoting *State v. Barnes*, 7th Dist. Belmont No. 00 BA 44, 2002 WL 417911, *5 (Mar. 12, 2002). Nothing in the record suggests that Buckner was surprised by the dispatcher's testimony or that prior knowledge of the dispatcher as a witness would have benefitted Buckner in the preparation of his defense.

**{¶14}** Finally, Buchner has not shown that he was prejudiced by the dispatcher's testimony. *See Rankin* at ¶ 18. Even though Buckner claims that the jury would not have heard the recorded 911 call if the dispatcher had been excluded from testifying, Evid.R. 901 provides a liberal standard for the authentication of evidence. The proponent of the evidence need only submit "evidence sufficient to support a finding that the matter in question is what its proponent claims." Evid.R. 901(A). If the trial court had excluded the dispatcher from testifying as a sanction for the State's discovery violation, the deputy sheriff who investigated the matter (and whose name was disclosed on the State's witness list) could have authenticated the recorded 911 call. *See* Crim.R. 16(I); Evid.R. 901(B). Furthermore, Buckner himself testified at trial that he made the 911 call in issue. Therefore, Buckner's argument that he was prejudiced by the dispatcher's testimony and authentication of the recorded 911 call lacks merit.

**{¶15}** Based on the foregoing, we conclude that the trial court did not abuse its discretion by allowing the dispatcher to testify. Even though the State failed to

disclose the dispatcher's name and address on its witness list, the trial court's decision to allow the dispatcher to testify and to authenticate the recording of the 911 call in issue was not unreasonable, arbitrary, or unconscionable.

{¶16} Buckner's first assignment of error is overruled.

## Second Assignment of Error

**The Trial Court abused its discretion by failing to grant the Defendant's Rule 29 Motion for acquittal.**

{¶17} In his second assignment of error, Buckner argues that his menacing and improper-use-of-a-911-system convictions are based on insufficient evidence. As to his menacing conviction, Buckner asserts that "the victim in the alleged crime is too imprecise" and that the State failed to introduce any evidence "to show that anyone at the Sheriff's Office believed that [Buckner] intended to cause harm." (Appellant's Brief at 5). With respect to his improper-use-of-a-911-system conviction, Buckner contends that the State did not present sufficient evidence because "[t]here was a unilateral decision not to investigate to even determine whether an emergency actually existed." (*Id.*).

*Standard of Review*

{¶18} Under Crim.R. 29(A), "[t]he court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the * * * complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses."

Consequently, "[a] motion for acquittal under Crim.R. 29(A) is governed by the same standard as the one for determining whether a verdict is supported by sufficient evidence." *State v. Tenace*, 109 Ohio St.3d 255, 2006-Ohio-2417, ¶ 37.

{¶19} "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259 (1981), paragraph two of the syllabus, *superseded by state constitutional amendment on other grounds as stated in State v. Smith*, 80 Ohio St.3d 89 (1997), fn. 4. Accordingly, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Id.* "In deciding if the evidence was sufficient, we neither resolve evidentiary conflicts nor assess the credibility of witnesses, as both are functions reserved for the trier of fact." *State v. Jones*, 1st Dist. Hamilton Nos. C-120570 and C-120571, 2013-Ohio-4775, ¶ 33. *See also State v. Berry*, 3d Dist. Defiance No. 4-12-03, 2013-Ohio-2380, ¶ 19 ("Sufficiency of the evidence is a test of adequacy rather than credibility or weight of the evidence.").

*Analysis*

**{¶20}** As an initial matter, the record reveals that Buckner made his Crim.R. 29 motion at the close of the State's case-in-chief, and that the trial court denied his motion for acquittal. Thereafter, Buckner proceeded to present evidence in his defense. Buckner, however, did not renew his Crim.R. 29 motion at the close of his case-in-chief or at the close of all the evidence. Thus, according to this court's precedent, Buckner has waived all but plain error. *See State v. Hurley*, 3d Dist. Hardin No. 6-13-02, 2014-Ohio-2716, ¶ 38 (noting that reviewing a sufficiency-of-the-evidence argument for prejudicial error or plain error is academic because a conviction based on legally insufficient evidence is a denial of due process and warrants reversal). Accordingly, we will proceed to determine whether the State presented sufficient evidence to support Buckner's convictions for menacing and improper use of a 911 system.

**{¶21}** Buckner was convicted of menacing in violation of R.C. 2903.22, which provides, in relevant part, that "[n]o person shall knowingly cause another to believe that the offender will cause physical harm to the person or property of the other person * * * ." R.C. 2903.22(A)(1). "Physical harm" is "any injury, illness, or other physiological impairment, regardless of its gravity or duration." R.C. 2901.01(A)(3). Therefore, to prove the fear-of-physical-harm element of menacing, the State must show "that the victim had a subjective belief of fear of physical

harm." *State v. McConnaughey*, 1st Dist. Hamilton Nos. C-200273 and C-200274, 2021-Ohio-3320, ¶ 41. *See also State v. Cox*, 5th Dist. Stark No. 2015CA00174, 2016-Ohio-3250, ¶ 22 ("[T]he offense of menacing requires a subjective belief that the person believes the offender will cause physical harm.").

{¶22} Here, Buckner argues that his menacing conviction is based on insufficient evidence because the State did not present any evidence that he caused another person to believe that he would cause them physical harm. Therefore, because the fear-of-physical-harm element is the only element Buckner challenges on appeal, we will limit our analysis to whether the State presented sufficient evidence supporting this element of the offense.

{¶23} In this case, we conclude that the State presented insufficient evidence that Buckner committed menacing. That is, our review of the record reveals that the State did not present any evidence that a victim had a subjective belief of fear that Buckner would cause them physical harm. Specifically, the deputy sheriff who investigated the 911 call testified at trial that he listened to the recorded call and believed that the words used by Buckner during the call "were of a threatening nature," made in a "threatening tone," and "used as a threat towards all Van Wert County Sheriff's Deputies." (Sept. 29, 2023 Tr. at 69-70). The deputy sheriff, however, did not testify that *he* believed that Buckner intended to cause *him* physical harm. Moreover, the State did not present other evidence at trial that *any* victim

-11-

believed that Buckner would cause them physical harm. *See Cox* at ¶ 22 ("[T]he offense of menacing requires a subjective belief that the person believes the offender will cause physical harm.").

**{¶24}** Thus, after reviewing the evidence in a light most favorable to the State, we conclude that the State failed to present any evidence to establish the fear-of-physical-harm element to sustain Buckner's conviction for menacing. Therefore, Buckner's conviction for menacing is based on insufficient evidence.

**{¶25}** Next, we will address the sufficiency of the evidence supporting Buckner's improper-use-of-a-911-system conviction. Buckner was convicted of the improper use of a 911 system under R.C. 128.32, which provides, in relevant part, that "[n]o person shall knowingly use a 9-1-1 system for a purpose other than obtaining emergency service." R.C. 128.32(F) (current version at R.C. 128.96(G)). "A person acts knowingly * * * when the person is aware that the person's conduct will probably cause a certain result or will probably be of a certain nature." R.C. 2901.22(B). Further, "'[e]mergency service' means emergency law enforcement, firefighting, ambulance, rescue, and medical service." R.C. 128.01(N).

**{¶26}** On appeal, Buckner argues that his improper-use-of-a-911-system conviction is based on insufficient evidence because the State failed to present any evidence to show that he called 911 for a purpose other than to obtain emergency services.

{¶27} Based on our review of the record, we conclude that the State presented sufficient evidence to show that Buckner knowingly made the 911 call in issue for a purpose other than obtaining emergency service. First, the recorded 911 call was played for the jury in its entirety. The recorded 911 call is a 35-second rant by Buckner complaining about local law enforcement.

{¶28} Second, Buckner testified that he made the 911 call "[b]ecause everybody came to my house and left my house. They come in but every time they left, the law would pull them over. They'd stop and frisk them." (Sept. 29, 2023 Tr. at 83). On cross-examination, Buckner confirmed that no one was in need of emergency medical services at the time he called 911. When asked if anyone in his home was the victim of a crime, Buckner responded, "Yea. They was stopping and frisking everybody who left my house. I mean it'd be different if it were one or two people or one person a month or one person a week, but everybody who came to my house. They stopped and frisked everybody." (Sept. 29, 2023 Tr. at 90).

{¶29} Based on the foregoing, we conclude that the State presented sufficient evidence at trial to support Buckner's conviction for improper use of a 911 system. In particular, the State presented sufficient evidence for the jury to conclude that Buckner knowingly placed the 911 call in issue for a purpose other than obtaining emergency service.

**{¶30}** Accordingly, Buckner's second assignment of error is sustained in part and overruled in part.

**{¶31}** Therefore, having found no error prejudicial to the appellant herein in the particulars assigned and argued in the first assignment of error, but having found error prejudicial to the appellant herein in the particulars assigned and argued in the second assignment of error, in part, we reverse and vacate the judgment of conviction and sentence for menacing, and affirm the judgment of conviction and sentence for improper use of a 911 system, and remand the cause for further proceedings.

*Judgments Affirmed in Part,*
*Reversed in Part,*
*and Cause Remanded*

**WILLAMOWSKI, P.J. and MILLER, J., concur.**

**/hls**